UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AREX INDUSTRIES, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:25-cv-00541-CMS ) |
| DIODE DYNAMICS, LLC, et al., | ) ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Diode Dynamics, LLC's Motion to Dismiss (Doc. 22) and Plaintiff Arex Industries, Inc.'s Request for Leave to Amend (Doc. 23). For the reasons set forth below, Defendant's Motion to Dismiss is **GRANTED IN PART and DENIED IN PART**. Plaintiff's Request for Leave to Amend is **GRANTED.**

## ANALYSIS

On June 9, 2025, Plaintiff filed a First Amended Complaint (FAC), as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1), against Defendant Diode Dynamics, LLC. The FAC contained five counts: Infringement of a United States Patent (Count I), Trade Dress Infringement (Count II), Trade Dress Infringement under Missouri Common Law (Count III), Unfair Competition in

1

Violation of the Missouri Merchandising Practices Act (Count IV), and Unfair Competition in Violation of Missouri Common Law (Count V). (Doc. 21). Defendant Diode Dynamics filed a motion to dismiss Plaintiff's FAC with prejudice. (Doc. 22). In response, Plaintiff argues that Count I should not be dismissed, concedes that Count IV should be dismissed, and requests leave to amend Counts II, III, and V. (Doc. 23).

*Count I is Dismissed to the Extent it Relies on Diode's Gen I Headlights.*

Count I, Plaintiff's Infringement of a United States Patent claim, asserts that "Defendant intentionally sells, ships, or otherwise delivers Generation 2 of the Accused Products in the United States, with knowledge that they are designed to and do practice the infringing features of the '331 Patent." (Doc. 21 at 28). Defendant moves to dismiss this count as to the Gen 1 headlights because the FAC admits that the "331 patent did not issue until after Defendant stopped selling the Gen 1 headlights." (Doc. 22 at 1-2). In response, Plaintiff claims that Count I "does not allege infringement based on [Gen] 1" and therefore "does not seek relief for alleged infringement by [Gen] 1." (Doc. 23 at 3). Because Plaintiff concedes that Count I does not seek relief based on the Gen 1 headlights, Count I is Dismissed only to the extent it alleges infringement based on the Gen 1 headlights.

*Count IV is Voluntarily Dismissed without Prejudice.*

2

Plaintiff concedes that Count IV should be dismissed. (Doc. 23 at 8). Therefore, Count IV is Dismissed without prejudice.

*Plaintiff is Granted Leave to Amend Counts II, III, and V.*

Defendant also moved to dismiss Counts II, III, and V on the ground that those counts "fail[] to plausibly allege the asserted trade dress has acquired secondary meaning." (Doc. 22-1 at 13). In response, Plaintiff requests leave to amend those three counts and has provided specific factual allegations that would be included in an amended complaint. (Doc. 23 at 5-7).

Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." A district court may appropriately deny the movant leave to amend if "there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the non-moving party, or futility of the amendment." *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005) (internal quotation marks and citations omitted).

None of those compelling reasons exists here. This is Plaintiff's first request for leave to amend its complaint pursuant to Rule 15(a)(2), and Plaintiff promptly so moved approximately two weeks after Defendant filed its Motion to Dismiss. Defendant has not demonstrated that Plaintiff's proposed amendments would be

3

futile. Plaintiff's request for leave to amend the complaint is GRANTED. Plaintiff is directed to file an amended complaint on or before March 12, 2026. Plaintiff also shall file, as an attachment, a marked version of the amended complaint with all new material underlined and all material being removed struck through, pursuant to Local Rule 4.07.

Defendant's motion to dismiss Counts II, III, and V is Denied as moot.

## CONCLUSION

Defendant's Motion to Dismiss (Doc. 22) is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's Count I is Dismissed to the Extent It Alleges Infringement Based on the Gen 1 Headlight. Plaintiff's Count IV is Voluntarily Dismissed without Prejudice. Defendant's Motion to Dismiss Counts II, III, and V is Denied as Moot.

Plaintiff's Request for Leave to Amend its First Amended Complaint (Doc. 23) is **GRANTED**. Plaintiff is directed to file an amended complaint and, as an attachment, a marked version of the amended complaint by March 12, 2026, consistent with Local Rule 4.07.

_____
CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE